Hawkins, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court of Smith County, at the July Term, 1865, for an assault upon one 'William Wright, (colored,) with *233 intent to commit murder in the first degree; and at the same term of the Court was arraigned, pleaded “ not guilty,” and was tried, and convicted, and sentenced to five years imprisonment in the Penitentiary of the State.
Motions for a a new trial, and in, arrest of judgment, were made, and overruled; and the accused has appealed to this Court.
It is now insisted that the indictment does not give a sufficient description of the offense charged, in this, that it does not state all the circumstances, constituting the essential ingredient of the crime, and is, therefore, insufficient; and that the Circuit Judge erred in overruling the motion in arrest of judgment. We do not think so.
The indictment contains two counts. The charge on the first, is, “that Moses Harvil, (colored,) on the 28th day of May, 1865, in the County. of Smith, State of Tennessee, did, feloniously, and with malice aforethought, assault William Wright, (colored,) with intent to commit murder in the first degree, against the peace and dignity of the State.”'
The charge in the second count, is, “that Moses Harvil, (colored,) on the 25th day of July, 1865, in the County and State aforesaid, unlawfully and fel-oniously, and with malice aforethought, did assault William Wright, (colored,) with intent to commit murder in the first degree upon him, the said William Wright, (colored,) contrary to the form of the Statute in such' cases made and provided, and against the peace and dignity of the State.”
*234 In the case of The State vs. Ladd, 2 Swan, 226, which was an indictment for unlawful and malicious shooting, this Court said:
“It is a general rule, that where an offense is created, or where it is defined, and its punishment enlarged by Statute, that an indictment, setting forth the crime in the words of the Statute, is sufficient, and, indeed, the safest and preferable mode of description.”
The Statutory description of this offense is in these words: “Whoever shall, feloniously and with malice aforethought, assault any person, with intent to commit murder in the first degree:” Sec. 4626, Code. The charge in the indictment is in the words of the Statute, with the addition of the word “unlawfully;” and this, we think, is sufficient.
It has been holden in Maryland, says Judge Harris, in delivering the opinion of the Court, in the case of Bloomer vs. The State, “that in an indictment for an assault with intent to murder, it is not necessary to state the means; and to affect the purpose, the facts and circumstances showing the murderous intent, are matters of evidence for the jury, but need not be stated in the indictment,” citing 2 Archibald, notes, 262.
This authority is directly in point, and we are not prepared to say it is not the law. To require, in an indictment, more than a “substantial description of the essentials of the crime imputed,” says Judge Ca-ruthers, in delivering the opinion of the Court, in the case of the State vs. Ladd, “only tends to facilitate the escape of offenders from the just punishment of *235 their crimes, and should not be favored.” And while we would require, in an indictment, every particularity necessary for the protection of the accused, and the ends of a proper defense, we are unwilling, at this time, in view of the alarming prevalence of crime in our country, to go further in shielding offenders, especially after they have, as in this case, been pronounced guilty by a jury, by interposing what must be regarded as mere technicalities, than the stern and inflexible rules of law, and a proper administration of justice may demand.
There is no error in the judgment of the Circuit Court, and it will be affirmed.